UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY CRUZ, MICHELLE ROBICHAUX, and BRETT PLOWFIELD, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>PROGENESIS, INC.,<br><br>                              Defendant. | Case No.:  3:24-cv-01789-BJC-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO NOTIFY COURT OF DISCOVERY DISPUTE**<br><br>**[ECF No. 64]** |

Before the Court is the parties' joint motion to continue the deadline notify the Court of a discovery dispute. ECF No. 64. The parties seek an order from the Court extending their deadline to raise a discovery dispute by approximately two weeks. *Id*.

Parties seeking to continue deadlines set forth by the Court must demonstrate good cause. FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause

standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that they need more time to meet and confer regarding Plaintiff's responses to Defendant's discovery requests. ECF No. 64. Specifically, the parties have met and conferred, and Defendant agreed to produce the remaining discovery requested by Plaintiff. *Id.* at 2. Defendant's counsel is currently in trial in another matter, and anticipates producing the remaining discovery may take slightly longer than the Court's current deadline of October 25, 2025. *Id.* The parties also note that they are engaging in productive settlement discussions. *Id.* As such, the parties request a two-week extension, to November 7, 2025, to raise the discovery disputes with the Court.

The Court appreciates that the parties are working together to resolve their disputes without judicial intervention. Upon due consideration of the parties' motion and the fact discovery cutoff, the Court **GRANTS** the parties' motion to extend the discovery dispute deadline. Thus, the parties must bring any discovery disputes related to the August 28, 2025, Rule 30(b)(6) deposition to the Court's attention in the manner described in Paragraph 5 of the Scheduling Order, (*see* ECF No. 53 at 3), no later than **November 7, 2025**.

**IT IS SO ORDERED.**

Dated: October 24, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge