

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JODY CRUZ,
MICHELLE ROBICHAUX, and
BRETT PLOWFIELD, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.

PROGENESIS, INC.,

Defendant.

Case No.  3:24-cv-01789-BJC-AHG

**ORDER GRANTING
JOINT MOTION TO
AMEND PROTECTIVE ORDER**

**[ECF No. 83]**

Before the Court is the parties' Joint Motion to Amend the Protective Order. ECF No. 83; *see* ECF No. 31; *see also* ECF No. 82. Having reviewed the motion, the parties' proposed protective order, and the redline, good cause appearing, the Court **GRANTS** the motion. The Court enters the following Stipulated Amended Protective Order exactly as submitted by the parties.

/ /

/ /

1

3:24-cv-01789-BJC-AHG

## I.    DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts or trial testimony and depositions, including data, summaries, and compilation derived therefrom, that a party has a good faith basis to claim should be regarded as confidential information with respect to its own materials that it is producing. The term "confidential information" will also mean and include information contained or disclosed in any materials produced by third parties in response to a party subpoena in this litigation, that such producing third party has a good faith basis to claim.

2.    The term "materials" will include. But is not limited to: personal identifying information; medical information; documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversation; desk diaries; appointment books; expense accounts; recordings, photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.    The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, contractors, vendors, and other support staff employed in the law firms identified as the attorneys of record in this action.

## II.   GENERAL RULES

4.    Each party (hereinafter includes each third party producing documents in responses to a subpoena in this litigation) to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information

3:24-cv-01789-BJC-AHG

that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSELONLY".

a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of the party or counsel producing the information, the unrestricted disclosure of such information could be potentially prejudicial to the party or to another individual.

b.    Designation as "CONFIDENTIAL-FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL-FOR COUNSEL ONLY" only if, in the good faith belief of such party or counsel producing the information, the information is among that considered to be most sensitive by the party, including but not limited to medical information, trade secret, or other similar highly confidential information.

5.    In the event the producing party elects to produce materials for initial inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL-FOR COUNSEL ONLY", and must be treated as such pursuant to the terms of this Order. Thereafter, within twenty-one (21) days, the producing party must mark the copies of those materials that contain confidential information with the appropriate confidentiality marking in order for them to preserve their status as a CONFIDENTIAL or CONFIDENTIAL-FOR COUNSEL ONLY document.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.    The precise portions of the deposition (with line numbers) must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY".

3:24-cv-01789-BJC-AHG

b.    The disclosing party will have the right to exclude from attendance at the deposition during such tie as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reports, the person(s) agreed upon pursuant to paragraph 8 below; and

c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL or CONFIDENTIAL-FOR COUNSEL ONLY", as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it is accompanied by an appropriate motion to file the materials under seal under this Order.  It is up to the Court as to whether such motions should be granted.

7.    No documents shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the persons or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

8.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOU COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, most not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.    Information designated as "CONFIDENTIAL-FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and their retained experts and consultants under the conditions set forth in this Paragraph.  The right of any independent expert or consultant to receive any confidential information will

be subject to that person first signing the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert or consultant.

10.    Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraphs 3) of the receiving party, by independent experts and consultants (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by signing Exhibit "A".:

a.    Executives who are required to participate in policy decisions with reference to this action;

b.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel in preparation for trial of this action;

c.    Stenographic and clerical employees associated with the individuals identified above; and

d.    Witnesses and potential witnesses

11.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY", any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

12.    All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY",  by the producing party, and any and all reproductions of that information, must be retained in the custody of the counsel or the receiving party identified I paragraphs 3, except that independent experts and consultants authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party

seeking to file such material must seek permission of the Court to file the material under seal.

14. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If this despite is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may contact the Court to address the dispute in accordance with the discovery dispute procedures set forth in Judge Goddard's Chambers Rules.[1] The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. The burden of proof is on the designating party to convince the Court that the designation is proper under the law.

15. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosed must immediately bring all pertinent facts related to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent disclosure by the party and by the person)s) receiving the unauthorized disclosure.

---

[1] Judge Goddard's Chambers Rules are available on the Court website at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3:24-cv-01789-BJC-AHG

16.    No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.    If a party, through an advertence, produces any confidential information without labeling or marking or otherwise designated it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with he designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notified the receiving party, subject to making any challenges under this Order. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY"- SUBJECT TO PROTECTIVE ORDER.

18.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed in ways that would violate this Order.

20.    The Order is without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  The existence of this Order must not b e used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.    Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

3:24-cv-01789-BJC-AHG

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides to the extent feasible and reasonable. Notwithstanding the foregoing, counsel for each party may retain all attorney work product, pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge' (c) the parties agree, or the Court riles, has become public knowledge other than as a result of disclosure by the receiving party, its employees or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. The Order may be modified by agreement of the parties, subject to approval by the Court.

3:24-cv-01789-BJC-AHG

27. The Court may modify the protective order sua sponte in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:24-cv-01789-BJC-AHG

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL MATERIALS**

I hereby acknowledge that I, _____, of _____, am about to receive Confidential Materials supplied in connection with the Proceeding, *Cruz, et al. v. Progenesis, Inc.,* Case No. 3:24-cv-01789-BJC-AHG, pending in the United States District Court for the Southern District of California.

I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order. I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this ___ day of _____, 20____.


Dated_____        BY:_____

                                                    Signature

Title:_____

Address:_____

3:24-cv-01789-BJC-AHG

City, State, Zip _____

Phone Number_____

11