UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JODY CRUZ,
MICHELLE ROBICHAUX, and
BRETT PLOWFIELD,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PROGENESIS, INC.,

Defendant.

Case No.: 3:24-cv-01789-BJC-AHG

**ORDER:**

**(1) RESOLVING ORDER TO SHOW CAUSE, and**

**(2) ISSUING SANCTIONS AGAINST DEFENDANT**

**[ECF No. 26]**

Before the Court is its Order to Show Cause. ECF No. 26. For the reasons set forth below, the Court issues sanctions against Defendant Progenesis, Inc. ("Defendant").

## I. BACKGROUND

On January 29, 2025, the Court held an Early Neutral Evaluation Conference ("ENE") in this matter. ECF No. 21. Though the case did not settle during the ENE, the Court found that continued discussions would be beneficial and scheduled a second ENE for March 7, 2025. ECF Nos. 21, 22. During the first ENE, and later notated in the conference minutes and following Order, the Court ordered the following:

> The parties are ordered to exchange the information discussed at the ENE for settlement purposes only and complete production by February 20, 2025. The Court expects the parties to meet and confer after production is complete and before the March 7 ENE so that the parties are prepared to state their positions on settlement negotiations at that time.

ECF No. 21; *see also* ECF No. 22 at 1. When the Court held the second ENE on March 7, 2025, it learned that Defendant had failed to provide the information it had promised and that the Court ordered to be produced. ECF No. 26.

After the second ENE concluded, the Court issued an Order to Show Cause ("OSC") as to why Defendant should not be sanctioned for failing to comply with the Court's order. ECF No. 26 at 2; *see* ECF Nos. 13, 22. Specifically, the Court required Defendant to address why it should not be ordered to appear for a Rule 30(b)(6) deposition, to produce all documents related to its financial position, and to reimburse Plaintiffs' counsel for the time spent preparing for and appearing at the March 7, 2025, ENE. ECF No. 26 at 2. The OSC provided Defendant with the following opportunity: "If Defendant agrees to submit to a deposition without further order of the Court, the parties shall notify the Court, and the Court will hold this Order to Show Cause in abeyance until the conclusion of the deposition[.]" *Id*.

The parties engaged in meet and confer efforts over the next several months regarding an exchange of information and, ultimately, Defendant submitted to a Rule 30(b)(6) deposition. Email to Chambers (Aug. 29, 2025, at 12:42 PM) (confirmation that deposition was taken on August 28, 2025). Although the deposition addressed Defendant's failure to comply with the Order setting the second ENE in part, it did not

mitigate the time that Plaintiffs' counsel spent preparing for the second ENE, which the Court now addresses here.

## II. LEGAL STANDARD

Pursuant to Rule 16(f), the Court may issue "any just orders," including sanctions, if a party or its attorney fails to "obey a scheduling or other pretrial order."[1] FED. R. CIV. P. 16(f)(1); *see Esquivel v. I.C. Sys.*, No.: 3:25-cv-03229-AJB-VET, 2026 WL 2126463, at *2 (S.D. Cal. July 22, 2026). An award of sanctions under Rule 16(f) is within the court's discretion. *Ayers*, 895 F.2d at 1269. "'Violations of Federal Rule 16 are neither technical nor trivial' because they 'involve a matter most critical to the court itself: management of its docket and avoidance of unnecessary delays in the administration of its cases.'" *Juneau v. Subaru of Am., Inc.*, No. 23cv614-DMS-KSC, 2023 U.S. Dist. LEXIS 182071, at *6 (S.D. Cal. Oct. 6, 2023) (internal quotation omitted). Moreover, "sanctions under Rule 16(f) are appropriate even when the disobedience is unintentional." *Esquivel*, 2026 WL 2126463, at *2; *see Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of a settlement conference order is intentional or unintentional); *Weir*, 2013 WL 756353, at *1 ("Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order.").

## III. DEFENDANT FAILED TO COMPLY WITH THE COURT'S ORDER

As described above, ahead of the March 7, 2025, second ENE, Defendant failed to provide data that would allow Plaintiffs to estimate the size of the purported class or class-

---

[1] A pretrial conference under Rule 16 includes a settlement conference. *See Ayers v. Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (explaining that a conference before trial under Rule 16(a) includes a conference for the purpose of "facilitating the settlement of the case" and affirming sanctioning of attorney for his failure to appear at a settlement conference). "[T]he Ninth Circuit has upheld repeatedly sanctions imposed for failing to comply with orders regarding settlement conferences." *Weir v. Forman Auto. Group*, No. 12cv746-MMD-VCF, 2013 WL 756353, at *1 (D. Nev. Feb. 26, 2013) (collecting cases).

wide damages, failed to provide information that would allow an evaluation of its financial condition, and the scant information Defendant provided was so heavily redacted that it did not make sense mathematically. ECF No. 26 at 2. This rendered the second ENE futile.

Although Defendant ultimately provided the information it was supposed to provide before the second ENE and appeared for a Rule 30(b)(6) deposition, getting Defendant to do so was akin to pulling teeth. It took many months and multiple conferences with the Court to accomplish an exchange of information that should have occurred without further effort in response to the Court's January 29, 2025, Order. *See, e.g.*, ECF No. 48 at 1. The ENE scheduled for March 7, 2025, was entirely unproductive as a result of Defendant's conduct. As such, the Court finds Defendant's conduct sanctionable pursuant to Rule 16.

The appropriate sanction here should compensate Plaintiffs for the expenses they incurred due to Defendant's failure to comply, namely their attorney fees for preparing for the March 7, 2025, ENE. *See Juneau*, 2023 U.S. Dist. LEXIS 182071, at *9. "In evaluating the appropriate sanctions, the Court has broad discretion to determine appropriate attorney[] fees." *Cruz v. U.S. Parcel Serv.*, No. 23cv430-AGS-LR, 2024 WL 5702788, at *1 (S.D. Cal. Mar. 14, 2024). The Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Ninth Circuit has "repeatedly held that the determination of a reasonable hourly rate is not made by reference to rates actually charged by the prevailing party." *Welch v. Metropolitan Life Ins. Co*., 480 F.3d 942, 946 (9th Cir. 2007) (citation and internal quotations omitted). Instead, the reasonable rate should reflect the "prevailing market rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Court must also ensure that the hours claimed by counsel were "reasonably expended." *Hensley*, 461 U.S. at 434.

Plaintiffs seek $19,100.00 in attorney fees for preparing for and attending the March 7, 2025, ENE. ECF No. 28. Although Plaintiffs submitted time entries for the work of multiple attorneys at three law firms, they did not specify the hourly rates claimed for each attorney or provide additional information that is necessary to assess the

reasonableness of the hours, such as the work experience of the attorneys or the prevailing rates in the relevant legal community. Though the Court permitted supplemental briefing regarding Plaintiffs' attorney fee request, Plaintiffs represented to the Court that they "ha[d] nothing additional to submit beyond their previously submitted time entries[.]" ECF No. 59.

Defendant asserts that Plaintiffs' fee request should be reduced. ECF No. 60. Defendant contends that the hourly rates claimed by Mr. Carson, Ms. Freeman, and Ms. Bliss are excessive, and that the billing entries are vague and do not offer sufficient descriptions of the activities completed. *Id.* at 4. Defendant highlights that "$3,657.50 of the $19,100.00 was submitted for email correspondence." *Id.* (observing that fees were requested for emailing the named Plaintiffs to remind them of the ENE and confirm they received the Zoom link).

Without enough information regarding the hourly rates or time entries, the Court cannot find that Plaintiffs' $19,100.00 fee request is reasonable. The Court finds, instead, that $5,000.00 is a reasonable sanction. Although this figure is less than the Plaintiffs' request, the reduction is justified by the lack of explanation provided by Plaintiffs. *See cf. Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013) ("the fee applicant has the burden of producing satisfactory evidence that the rates he requests meet these standards"). As such, the Court **ORDERS** Defendant to pay Plaintiffs $5,000.00 for attorney fees incurred as a result of Defendant's failure to comply with the Court's January 29, 2025, Order.

## IV. CONCLUSION

For the reasons set forth above, the Court's Order to Show Cause (ECF No. 26) is **RESOLVED** and the Court **ORDERS** as follows:

1. The Court **ORDERS** that Defendant pay **<u>$5,000.00</u>** in attorney fees to Plaintiffs' counsel, no later than **<u>September 30, 2026</u>**.

/ /

/ /

2. Defendant is ordered to file a Notice of Payment no later than **October 7, 2026**, confirming that it made the required payment.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Honorable Allison H. Goddard
United States Magistrate Judge