UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY CRUZ, et al., Plaintiffs, v. PROGENESIS, INC., Defendant. | Case No. 24-cv-1789-BJC-AHG **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Pending before the Court is Progenesis, Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("FAC"). ECF No. 65, Plaintiffs filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 70, 71. For the reasons stated below, the Court **DENIES** Defendant's Motion to Dismiss.

## I. BACKGROUND[1]

### A. Factual Allegations

This putative class action concerns Defendant's marketing and sale of preimplantation genetic testing for aneuploidy ("PGT-A"), an add-on to the in vitro fertilization ("IVF") process. Plaintiffs allege that IVF clinics biopsy cells from embryos and send those cells to Defendant, which performs PGT-A testing and then reports whether

[1] Unless otherwise noted, all facts are taken from the First Amended Complaint.

the embryos are "euploid" (best suited for implantation) or "aneuploid" (abnormal and not suited for implantation). FAC ¶¶ 10–16. Plaintiffs claim that Defendant marketed PGT-A as 97–98% accurate, represented that it increases the chance of implantation and successful pregnancy, decreases the risk of miscarriage, reduces the time and costs of having a healthy baby, and benefits couples of all ages undergoing IVF. *Id.* ¶¶ 17, 211–261. The FAC alleges that Defendant's representations are false or misleading because the scientific evidence does not support the claimed accuracy and benefits of PGT-A. *Id.* ¶¶ 19, 77–208, 215–253. Plaintiffs also allege that Defendant omitted material information about the state of scientific knowledge concerning PGT-A, including information bearing on the test's efficacy, accuracy, and reliability. *Id.* ¶¶ 200, 207, 212–214, 262–282.

**B. Procedural History**

On October 7, 2024, Plaintiffs Jody Cruz, Michelle Robichaux, and Brett Plowfield filed this class action. ECF No. 1. On September 11, 2025, this Court granted in part and denied in part Defendant's Motion for Judgment on the Pleadings and dismissed Plaintiffs' original Complaint with leave to amend. ECF No. 58. This Court held that Rule 9(b) applied to Plaintiffs' claims because they relied on the same alleged unified course of fraudulent conduct. *Id.* at 10–14. This Court found the original Complaint deficient because the named Plaintiffs did not allege "where and when" they saw the statements that allegedly led them to purchase PGT-A or connect the alleged representations to their purchases. *Id.* at 13–14.

On October 3, 2025, Plaintiffs filed the FAC, which added Alexis Vastardis and Anna Rinaldi as named Plaintiffs. ECF No. 62. Plaintiffs allege that they purchased PGT-A in reliance on Defendant's representations and omissions and would not have purchased the testing had they known the facts alleged in the FAC. *Id.* ¶¶ 283–328. The FAC also added plaintiff-specific allegations identifying when each named Plaintiff encountered Defendant's website, video, or consent form, the representations each allegedly saw, and the dates of the relevant purchases or testing. FAC ¶¶ 286–328.

Defendant filed the instant Motion on October 24, 2025. ECF No. 65. Defendant moves to dismiss the FAC for failure to comply with Federal Rules of Civil Procedure 8 and 9(b), invokes Rule 41(b) as authority for dismissal with prejudice, and, alternatively, asks the Court to strike portions of the FAC under Rule 12(f) or require a more definite statement under Rule 12(e).

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). "[T]o nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Hikma Pharm. v. Amarin. Pharma, Inc.*, 608 U.S 580, 589-590 (2026)(citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISCUSSION

### A. Rule 8

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and directs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint may violate Rule 8 when it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). But "normally, verbosity or length by itself is not a basis for dismissing a complaint." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *see Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008). Dismissal may be appropriate when a pleading is argumentative, prolix, redundant, and largely irrelevant, such that its form imposes an unfair burden on the court and the opposing party. *Cafasso*, 637 F.3d at 1058–59 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996)). However, where a complaint contains factual allegations that are logically organized and relevant to the asserted claims, a lengthy complaint may escape dismissal. *Hearns*, 530 F.3d at 1131–32.

Defendant argues that the FAC violates Rule 8 because it spans 72 pages and 478 paragraphs, includes scientific literature and regulatory material that Defendant contends is irrelevant, and incorporates all preceding allegations into each cause of action. ECF No. 65-1 at 9–14. Defendant claims that the scientific research concerning PGT-A in paragraphs 77 through 208 obscure the facts that concern what each named Plaintiff saw, relied on, and purchased. *Id.* According to Defendant, the FAC fails to perform the essential duties of a complaint, in part, because Plaintiff presents one-sided scientific arguments, strikes an "advocacy tone" that "reads like a position paper arguing for regulatory reform," and the "kitchen-sink approach will inevitably lead to sprawling discovery disputes." ECF No. 65-1 at 12-13

Plaintiffs respond that the FAC should not be dismissed due to its length because the scientific and other background information is necessary to support the claims that

Defendant made fraudulent misrepresentations about the effectiveness of PGT-A. ECF No. 70 at 4. Plaintiffs claim that PGT-A does not work as Defendant advertises, and the "scientific background is key to the Court's understanding of why, precisely, Defendant's marketing and advertising is misleading and makes material omissions." *Id.* at 4. Plaintiffs maintain that the FAC is well organized, easy to follow, and identifies both the challenged statements and the facts specific to each Plaintiff. *Id.* at 2–9.

Here, the FAC does not require dismissal due to its length or due to the inclusion of scientific studies and research. The scientific information supports Plaintiffs' contention that Defendant made material misrepresentations and omissions in its marketing materials regarding the accuracy and efficacy of PGT-A. See FAC ¶¶ 77–208, 215–282. Although the scientific material adds length to the complaint, it does not obscure Plaintiffs' claims.

Instead, the FAC is clearly organized, uses titled subsections, and identifies Plaintiffs' allegations. It first describes IVF and the PGT-A process, then it sets out the scientific and historical allegations that provide the basis for Plaintiffs' assertions that Defendant misrepresented the efficacy of PGT-A. FAC ¶¶ 49–208. The FAC then zeroes in on Defendant's alleged statements and omissions, including the claims about PGT-A's alleged accuracy, successful pregnancy rates, implantation, miscarriage, time and cost, and benefits across age groups. *Id.* ¶¶ 209–282. The FAC goes on to dedicate individual subsections to each named Plaintiffs' purchase and alleged reliance. *Id.* ¶¶ 286–328. After establishing the basis for Plaintiffs' claims, the FAC labels each cause of action separately, i.e. Count I: Violations of California Unfair Competition Law, etc. *Id.* ¶¶ 347–478. These headings identify the alleged conduct, the Plaintiff-specific allegations, and the separately pleaded causes of action.

Defendant's contention that the causes of action are "buried" in unnecessary scientific studies is belied by their admission that the FAC includes "specific allegations about what each Plaintiff actually saw and relied upon" in paragraphs 284 through 328 and their acknowledgment that Plaintiffs' claims do not lack specific allegations. ECF No. 65-1 at 12. In addition, Defendant claims that Plaintiffs have dumped "hundreds of paragraphs

of irrelevant material" that Plaintiffs admit can be skipped, but in fact, Plaintiffs state that the detailed subheadings allow a reader to "easily skip to the portions of Plaintiffs' FAC in which Plaintiffs identify the specific false statements and material omissions made by Defendant." ECF No. 70 at 3. Plaintiffs explain that a reader can maneuver with ease around the well-organized FAC to locate the claims of each individual plaintiff. This is akin to the holding of *Hearns* where an 81-page complaint did not violate Rule 8 because it was clearly written and organized in a way that defendants would "have no difficulty in responding to the claims" despite the complaint containing excessive factual detail. *Hearns*, 530 F.3d at 1132.

Defendant also argues that incorporating all preceding allegations into each count makes it impossible to determine which facts support which claims. ECF No. 65-1 at 11–12. Although the incorporation broadens each count, the pleading identifies the conduct attributed to Defendant and the legal theories asserted. Moreover, the claims share a common factual basis, therefore incorporation by reference is "not a valid basis for dismissal in this case, because the claims have a common factual basis." *TV Ears, Inc., v. Joyshiya Development Ltd*., No 20-cv-1708-WQH-BGS, 2021 WL 5396111, at *13 (S.D. Cal., Nov. 18, 2021). The Court further finds no merit to Defendant's contention that the inclusion of the scientific and research information "will inevitably lead to sprawling discovery disputes" because Defendant can object to discovery requests if they arise.

Here, the scientific and research material allows Plaintiffs to plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 545. The Court therefore declines to dismiss the FAC under Rule 8.

**B. Rule 9(b)**

Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity requirements of Rule 9(b) "must be read in harmony with Rule 8, which requires a 'short and plain' statement of the claim." *Berger v. Seyfarth Shaw, LLP*, 2008 WL 4067436, at *1 (N.D. Cal. Aug. 28, 2008). "[T]the particularity requirement is satisfied if the complaint

'identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.'" *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.1989. "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Id.* at 1125 (citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir.1996).

Defendant argues that the FAC fails to satisfy Rule 9(b) because the particularized allegations concerning what each named Plaintiff saw and relied upon are buried within hundreds of paragraphs of scientific literature, regulatory commentary, and industry criticism. ECF No. 65-1 at 12. Plaintiffs respond that the FAC remedies the "where and when" deficiencies identified in the Court's prior Order by identifying the representations each named Plaintiff allegedly saw and when and where each encountered them. ECF No. 70 at 8–9. The Court agrees.

For example, the FAC alleges that Plaintiff Cruz viewed Defendant's website in April and May 2022, identifies the representations she allegedly encountered there, and alleges that she viewed and signed Defendant's consent form on May 17, 2022, before purchasing PGT-A in May 2022. FAC ¶¶ 286–292. The FAC alleges comparable details concerning the other named Plaintiffs, including when they allegedly encountered Defendant's website, video, or consent forms and when they purchased PGT-A. *Id.* ¶¶ 293–328. The FAC also identifies the challenged representations and alleges why Plaintiffs contend they are false or misleading. *Id.* ¶¶ 209–282.

Accordingly, the FAC satisfies Rule 9(b) as to the particularity issue raised in the instant Motion.

**C. Rule 12(e)**

Rule 12(e) permits a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Defendant alternatively seeks a more definite statement under Rule 12(e) because it contends that the FAC is too vague or ambiguous to permit a reasonable response. Defendant asks the Court to require Plaintiffs to file a pleading that includes only allegations concerning what the named Plaintiffs saw and relied upon, separately states each cause of action with relevant supporting facts, and complies with Rules 8 and 9(b). ECF No. 65-1 at 15.

Here, the FAC identifies the allegedly false or misleading statements and omissions, the basis on which Plaintiffs allege falsity, and the named Plaintiffs' alleged reliance and purchases. FAC ¶¶ 209–328. The FAC also separately states each cause of action. *Id.* ¶¶ 347–478. Accordingly, the FAC is not so vague or ambiguous that Defendant cannot reasonably prepare a response. The Court therefore denies Defendant's request for a more definite statement under Rule 12(e).

**D. Rule 12(f)**

Rule 12(f) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). A court generally will not strike matter unless it has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Ollier v. Sweetwater*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. Aug. 23, 2010). Background, historical, or evidentiary allegations generally will not be stricken unless unduly prejudicial. *LeDuc v. Kentucky Cent. Life. Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. Aug. 31, 1992).

Defendant asks the Court to strike paragraphs 77 through 208, references to studies not seen by Plaintiffs, foreign regulatory positions, and footnotes containing substantive allegations. ECF No. 65-1 at 15. Defendant argues that this material is irrelevant because Plaintiffs did not see or rely on it in making their purchasing decisions. *Id.* at 9–11.

Plaintiffs respond that the scientific literature and regulatory material bear on why Defendant's representations were allegedly false or misleading. ECF No. 70 at 4–6.

Here, the challenged scientific and regulatory allegations bear a direct relationship to Plaintiffs' theories of falsity and omission, as noted above. For example, the FAC alleges that Defendant represented that PGT-A increases the likelihood of a successful pregnancy and no improvement in cumulative live-birth rates and then cites scientific literature allegedly showing similar pregnancy outcomes between conventional IVF and the use of PGT-A. FAC ¶¶ 225–230. Plaintiffs use the challenged material to allege why Defendant's representations were false or misleading, not to establish what Plaintiffs saw or relied upon before purchasing PGT-A. Whether Plaintiffs saw the studies before their purchases does not eliminate the studies' relationship to Plaintiffs' separate allegations concerning falsity. The Court recognized the same relationship in its September 11, 2025, Order, explaining that Plaintiffs cited scientific studies to challenge Defendant's representations concerning misdiagnosis and live-birth rates. ECF No. 58 at 8–10. Read with the FAC as a whole, the scientific allegations provide context for Plaintiffs' theories and a fuller understanding of the pleading.

The regulatory allegations serve the same function. The FAC cites statements by the United Kingdom's Human Fertilisation & Embryology Authority concerning the evidence supporting PGT-A and the risks of embryo damage and misdiagnosis. FAC ¶¶ 183–187. Plaintiffs cite those statements to support their allegations concerning the accuracy and efficacy of PGT-A and the alleged falsity or omission of Defendant's representations. The regulatory material arguably bears a relationship to the controversy. Similarly, the assertions in the FAC that insurance companies rarely cover PGT-A testing due to "insufficient evidence of efficacy" are tied to the basis of Plaintiffs' claims. FAC ¶¶ 21-24.

Defendant also asks the Court to strike "all footnotes containing substantive allegations." ECF No. 65-1 at 15. Defendant does not identify a particular footnote or explain how the contents of any footnote are redundant, immaterial, impertinent, or

scandalous. For the reasons stated, the Court declines Defendant's request to strike portions of the FAC under Rule 12(f).

## IV. CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.[2] The Court also **DENIES** Defendant's alternative requests to strike portions of the FAC under Rule 12(f) and for a more definite statement under Rule 12(e).

**IT IS SO ORDERED.**

Dated: September 17, 2026



Honorable Benjamin J. Cheeks
United States District Judge

[2] In light of the denial of the Motion to Dismiss, the Court need not address whether dismissal with prejudice is warranted under Rule 41(b).